# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE HARPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-CV-0121-CVE-PJC |
| | ) |
| NICHOLAS TIRELLO, Officer, in his | ) |
| individual capacity; | ) |
| JAMES C. PIRTLE, Sgt., in his | ) |
| individual capacity; | ) |
| DAVID J. OAKES, D.O., in his | ) |
| individual capacity; | ) |
| OTALVARO, D.O., in his individual | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Duane Harper commenced this 42 U.S.C. § 1983 civil rights action on February 29, 2016, by filing a pro se complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). In his complaint, Harper alleged that several detention officers or sheriff's deputies violated his constitutional rights by using excessive force against him while he was detained at the David L. Moss Criminal Justice Center, the facility that serves as the Tulsa County Jail. See Dkt. # 1 at 2-6. The Court granted Harper's motion to proceed in forma pauperis (Dkt. # 4). By Order filed May 10, 2016 (Dkt. #9), the Court directed service on the defendants and directed the agency responsible for the alleged civil rights violations to prepare a Special Report, see Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). The Tulsa County Sheriff's Office (TCSO) filed a Special Report on August 8, 2016 (Dkt. ## 18, 19).

By Order dated January 9, 2017 (Dkt. # 32), the Court granted Harper leave to file an amended complaint. The Court subsequently granted Harper's request for an extension of time to file his amended complaint based on his averment that he had recently retained counsel. See Dkt.

# 36. Harper, through counsel, filed an amended complaint on March 20, 2017 (Dkt. # 39) suing four defendants in their individual capacities: Officer Nicholas Tirello, Sergeant James Pirtle, Detention Officer David Oakes, and Detention Officer Sebastian Otalvaro.

Before the Court are the following motions: Tirello and Oakes' motion to dismiss for failure to state a claim (Dkt. # 52); Harper's motion to strike (Dkt. # 53); Otalvaro's motion to dismiss for failure to state a claim (Dkt. # 65); and Otalvaro's motion for confession of judgment (Dkt. # 69).[1] For the reasons discussed below, the Court shall (1) deny in part and grant in part Harper's motion to strike, (2) deny Otalvaro's motion for confession of judgment, and (3) deny Tirello and Oakes' and Otalvaro's motions to dismiss.

## I.     Background[2]

Harper, an African-American male, was booked into the Tulsa County Jail on a probation violation on January 7, 2015. Dkt. # 39 at 1. Harper has "notable disabilities" and the TCSO placed

---

[1]     Pirtle filed an answer to the amended complaint (Dkt. # 66). Harper then filed a motion for partial summary judgment against Pirtle and Oakes as to liability on his Fourteenth Amendment excessive-force claim (Dkt. # 67). Pirtle and Oakes filed a response (Dkt. # 68), and Harper filed a reply (Dkt. # 71). The Court will address Harper's motion for partial summary judgment against Pirtle and Oakes in a separate Opinion and Order.

[2]     Because Tirello, Oakes and Otalvaro seek dismissal under FED. R. CIV. P. 12(b)(6), the following facts are drawn from the amended complaint, documents that the amended complaint incorporates by reference, and documents referred to in the complaint to the extent those documents are central to Harper's claim and the parties do not dispute the authenticity of those documents. See Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010) (discussing materials district court may examine in ruling on Rule 12(b)(6) motion without converting Rule 12(b)(6) motion to motion for summary judgment). The Court includes facts from the Special Report only to the extent those facts do not refute facts specifically pled by Harper. See Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the *Martinez* report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). To the extent the parties disagree on the facts, the Court accepts the well-pleaded factual allegations in Harper's amended complaint as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

him in "a handicapped cell in pod J-14." Id. On February 9, 2015, Harper became upset when Detention Officer Megan Palmer unwrapped his food tray after he saw her "working and handling things that were unsanitary." Dkt. # 39 at 2; Dkt. # 19-3 at 11. Harper threatened to, and ultimately did, throw his food tray on the ground. Dkt. # 39 at 2. Palmer called for assistance as Harper walked back to his cell. Id.; Dkt. # 19-3 at 11.

Tirello, Oakes, Otalvaro and Pirtle "gathered in the pod outside [Harper's] cell." Id. at 2. Harper was "sitting on his bunk," and was "not being combative." Id. The defendants told Harper "to get on the ground," but Harper did not comply. Id. Instead, he shook his head and told the officers he could not get on the ground. Id. Harper alleges that he did not comply with the defendants' orders because he has "disabilities [that] create a substantial loss of movement and ability to function and meet the ordinary demands of life such as stooping, bending, etc." Id. at 2. Specifically, Harper states that he has "a metal rod and screws in his left femur," and needs both a knee and shoulder replacement. Id. Harper alleges that the TCSO recognized his disabilities as evidenced by the TCSO's decision to place him in a "handicapped cell." Id.

The defendants "did not want to listen to what [Harper] had to say" regarding his failure to comply with their orders. Id. Instead, Oakes opened Harper's cell door and Pirtle deployed his Taser, shooting Harper with "high-voltage." Id. Oakes, Otalvaro and Tirello then "threw [Harper] to the ground placing him in restraints." Id. The "[d]efendants [then] removed [Harper] from the cell and once the defendants were out of video surveillance area they began to inflict more pain and injury to [his] shoulder." Id. at 2-3. Harper alleges that he did not receive any medical treatment after the Taser was used on him. Id.

3

Based on these factual allegations, Harper claims that the defendants violated the TCSO's Taser-use policy because he "was sitting on his bed, there was no aggressive situation in order to cause an officer to feel the need to use the TASER and Pirtle only chose to use the weapon to inflict pain upon [Harper]." Id. at 3; see also id. at 3-4 (citing Dkt. # 21-2 for specific provisions of TCSO's Taser-use policy). Harper further claims that[3] "when Pirtle deployed his TASER he violated the Fourth Amendment of the United States Constitution and thus applicable to the States under the Fourteenth Amendment. Thus, resulting in a deliberate indifference to [his] medical needs." Id. at 4. Harper alleges that Oakes, Otalvaro and Tirello "allowed Pirtle the opportunity to deploy his TASER, as they each knew that when Oakes opened the door [Pirtle] was going to use the TASER." Id. Harper further alleges that "[w]hen Defendant Oakes used his key to open the door to the handicapped cell, he display[ed] the mental element to the constitutional violation along with the Defendants Tirello and Otalvaro." Id. Harper also claims that Pirtle's "use of the TASER was *racially motivated*." Id. at 5 (emphasis in original). Finally, Harper asserts that his amended complaint "state[s] a viable claim for excessive use of force, inter alia," and that this Court "has supplemental jurisdiction over the state law claims" in his amended complaint. Id. at 6, 8.

## II.     Discussion

### A.     The amended complaint fails to comply with notice-pleading requirements

Preliminarily, the Court notes that the operative complaint in this civil rights action is the amended complaint filed by Harper's counsel. See Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended complaint 'supercedes an original complaint and renders the original

---

[3]    Scrutinizing the amended complaint in the light most favorable to plaintiff, the Court finds no claim stated for violation of the Fourth Amendment.

complaint without legal effect.'" (quoting In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000)); see also LCvR 9.2(c) (noting that in civil rights actions commenced by prisoners, an amended pleading "must be retyped or handwritten and filed so that it will be complete in itself . . . without reference to the superseded pleading"). The amended complaint however, is not a model of clarity. Thus, before addressing the parties' motions, the Court will briefly address Harper's failure to comply with basic notice-pleading requirements.

The Federal Rules of Civil Procedure require, inter alia, that the plaintiff's complaint concisely and plainly state the grounds for the court's jurisdiction, the grounds on which the plaintiff rests his claim for relief, and a demand for the relief sought. See FED. R. CIV. P. 8(a); FED. R. CIV. P. 8(d)(1). Additionally, the plaintiff "must state [his] claims . . . in numbered paragraphs." Fed. R. Civ. P. 10(b). The purpose of these basic requirements is to compel the plaintiff to provide his opponents "with fair notice of what the claim is and the grounds upon which it rests." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007).

Harper's amended complaint fails to concisely and plainly state his claims for relief. Rather, the amended complaint consists of a series of numbered paragraphs that commingle factual allegations with legal arguments in a largely incoherent fashion. For example, in his amended complaint, Harper twice refers to "state law claims" and asks this Court to exercise supplemental jurisdiction over those claims. See Dkt. # 6, 8. But he never identifies any particular state-law claim or identifies which factual allegations, if any, would support a state-law claim. The Court finds that Harper's vague references to "state law claims" are insufficient to provide the defendants with fair notice of any state-law claims or the grounds upon which any such claims rest. Thus, the Court shall dismiss without prejudice Harper's purported state-law claims for failure to state a claim upon which

5

relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). However, as further discussed below in resolving the defendants' Rule 12(b)(6) motions, the Court finds that Harper's amended complaint is sufficient, albeit barely, to state at least one plausible § 1983 claim.

**B.     Harper's motion to strike**

In response to Tirello and Oakes' motion to dismiss, Harper filed a Rule 12(f) to strike what he contends are two insufficient defenses: statutory immunity and qualified immunity.[4] See Dkt. # 53 at 2, 6-20. Harper alternatively urges the Court to treat his Rule 12(f) motion as a motion for partial summary judgment against Tirello and Oakes as to both immunity defenses. Id. at 7, 19-20; Dkt. # 56 at 4.

The Court declines to treat Harper's motion as a motion for partial summary judgment and will therefore confine its analysis to whether either immunity defense should be stricken under Rule 12(f). That rule permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An insufficient defense is one that "cannot succeed, as a matter of law, under any circumstances." Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 648-49 (D. Kan. 2009). In reviewing a motion to strike a defense as insufficient, a court "must examine each affirmative defense at issue to ascertain whether any question of fact or law is raised by the defense." United States v. Hardage, 116 F.R.D. 460, 463 (W.D. Okla. 1987).

Tirello and Oakes initially urge this Court to deny the Rule 12(f) motion on procedural grounds; they contend that a motion to dismiss is not a "pleading" subject to attack through a Rule

---

[4]     As Tirello and Oakes note in their surreply, see Dkt. # 61 at 1, Harper's Rule 12(f) motion blurs the distinction between these two separate defenses. See Dkt. # 53 at 6-9; Dkt. # 56 at 3-4. But pleadings, even those filed by counsel, "must be construed so as to do justice." FED. R. CIV. P. 8(e). Thus, the Court will construe the motion as seeking to strike both immunity defenses.

12(f) motion. See Dkt. # 54 at 1-3. Harper disagrees, asserting that a Rule 12(f) motion can be used to challenge the sufficiency of an affirmative defense even if the defense is raised in a motion to dismiss. See Dkt. # 56 at 3-4. The Court will assume without deciding that Harper can challenge the sufficiency of Tirello and Oakes' affirmative defenses through a Rule 12(f) motion. And, for the following reasons, the Court shall deny the motion to strike in part, and grant the motion in part.

First, as to qualified immunity, the Court shall deny the motion as moot because Tirello and Oakes did not assert in their motion to dismiss that they are entitled to qualified immunity. See Dkt. # 52 at 6-7 (asserting only statutory-immunity defense under the OGTCA); Dkt. # 61 at 1 and Dkt. # 64 at 3 (expressly stating that Tirello and Oakes did not assert qualified-immunity defense). Second, as to statutory immunity, the Court shall grant the motion and strike that defense—not as insufficient, but as immaterial—because, as discussed, Harper's amended complaint does not state any plausible state-law claims. Thus, the Court shall deny in part, and grant in part, Harper's Rule 12(f) motion to strike.

### C. Otalvaro's motion for confession of judgment

Based on Harper's failure to respond to his motion to dismiss, Otalvaro filed a motion for confession of judgment (Dkt. #69). In support of this motion, Otalvaro pointed out that Harper neither responded to his motion to dismiss within twenty-one (21) days as required under LCvR 7.2(e) nor sought an extension of time to do so. Id. at 1-2. Citing LCvR 7.2(f), Otalvaro asks this Court to deem confessed the facts and issues set forth in his motion to dismiss, enter judgment on his behalf, and award attorney fees and costs as sanctions. Id. at 2. Harper objects to Oltavaro's motion for confession of judgment on various grounds. See Dkt. # 70.

7

Under local rules, this Court has discretion to deem confessed an unopposed dispositive motion. See LCvR 7.2(f). The Court also has discretion to impose sanctions against the party who fails to respond "including but not limited to all attorney fees and costs incurred by the moving party in connection with such failure to timely oppose the motion." Id. However, in Issa v. Comp USA, 354 F.3d 1174, 1177-78 (10th Cir. 2003), the Tenth Circuit clarified that while a district court can deem an uncontested motion to dismiss confessed under local rules, the court cannot grant a motion to dismiss without first performing either the dismissal analysis required by Rule 12(b)(6) or the sanctions analysis required by Meade v. Grubbs, 841 F.2d 1512, 1519-22 (10th Cir. 1988). Specifically, the Tenth Circuit held that "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim," as required by local court rules, "the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." Issa, 354 F.3d at 1178. Issa further instructs that "while a district court may grant [a motion to dismiss] as a sanction, it can do so only after performing an explicit analysis of the factors set forth in *Meade*." Id. at 1177. The Meade analysis requires a court to consider "(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant." Id. (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). And the Tenth Circuit has cautioned that "dismissal or other final disposition of a party's claim is a severe sanction reserved for the extreme case." Reed, 312 F.3d at 1195.

For two reasons, the Court will deny Otalvaro's motion for confession of judgment and his request for sanctions. First, under Issa, regardless of Harper's failure to comply with local rules, the Court must consider the sufficiency of the amended complaint under the Rule 12(b)(6) dismissal

standard before it can grant Otalvaro's motion to dismiss the amended complaint. 354 F.3d at 1178. And, as discussed next, the Court finds that dismissal is not appropriate under Rule 12(b)(6).

Second, applying Meade, the Court also finds that dismissal would not be appropriate as a sanction for failing to comply with local rules. Notably, Harper filed a timely response to Tirello and Oakes' motion to dismiss. And, while Otalvaro filed a separate motion to dismiss, the Court finds that his motion is nearly identical to Tirello and Oakes' motion. See Dkt. ## 52, 65. All three defendants assert that the amended complaint is factually and legally insufficient to state a claim and that they are entitled to statutory immunity for any state-law tort claims asserted against them. See Dkt. ## 52, 65. The Court finds it unlikely that Harper would have responded any differently to Otalvaro's arguments than he did to the same arguments presented by Tirello and Oakes in their motion to dismiss. Likewise, given that all three defendants are represented by the same counsel, the Court would not anticipate that Otalvaro's potential reply to Harper's unfiled response would differ in any significant manner from the reply filed by Tirello and Oakes. Thus, in this particular case where three defendants seek dismissal on the same three grounds but in two separate motions, the Court finds that Harper's failure to file a response to Otalvaro's motion will not impede this Court's ability to resolve Otalvaro's motion to dismiss on the merits. For these reasons, the Court shall deny Otalvaro's motion for confession of judgment and his request for sanctions.

**D.    Rule 12(b)(6) motions**

In seeking dismissal of the amended complaint under Rule 12(b)(6), Tirello, Oakes and Otalvaro contend that the amended complaint fails to state a § 1983 claim because Harper (1) does not identify any legal basis for a cognizable § 1983 claim and (2) does not include sufficient facts to support such a claim. See Dkt. #52 at 3-8; Dkt. # 65 at 3-7.

9

Harper disagrees. He asserts that he has plausibly alleged a Fourteenth Amendment excessive-force claim against all three defendants. See Dkt. # 55 at 3-5, 9-19.

### 1. Dismissal standards

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful in fact, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp., 550 U.S. at 555, 570; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. But a complaint should be dismissed "when the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." Bell Atl. Corp., 550 U.S. at 558.

### 2. The amended complaint states a plausible § 1983 claim

To survive a motion to dismiss for failure to state a § 1983 claim, a plaintiff must plausibly allege: "(1) a violation of rights protected by the United States Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia." Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002) (alteration in original) (citation omitted); see also Schaffer v. Salt Lake City Corp., 814 F.3d 1151, 1155 (10th Cir. 2016) (describing a § 1983 claim as consisting of two elements: the "(1) deprivation of a federally protected right by (2) an actor acting under color of state law.").

As noted, Harper contends that the amended complaint states a plausible § 1983 claim against all three defendants arising from Pirtle's alleged use of excessive force in violation of the Fourteenth Amendment.[5] A pretrial detainee can state a plausible Fourteenth Amendment excessive-force claim by alleging that "the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). In excessive-force cases "objective reasonableness turns on the 'facts and circumstances of each particular case.'" Id. (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)). Ultimately, several factors "bear on the reasonableness or unreasonableness of the force used," including, but not limited to: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id.

---

[5] In responding to Tirello and Oakes' motion to dismiss, Harper seems to focus exclusively on whether he states a Fourteenth Amendment excessive-force claim. See Dkt. # 55. However, the Court notes that the amended complaint also refers to the Eighth Amendment, see Dkt. 39 at 6; alleges that Harper did not receive medical treatment after the Taser incident, id. at 4; and asserts that the use of excessive force in violation of the Fourteenth Amendment "result[ed] in a deliberate indifference to the Plaintiff's medical needs," id. It is not clear whether Harper intends to state a deliberate-indifference claim against one or more of the defendants. In any event, "under the Fourteenth Amendment due process clause, 'pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment." Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting Garcia v. Salt Lake Cty., 768 F.2d 303, 307 (10th Cir. 1985)). To state a plausible claim for the denial of medical care under the Fourteenth Amendment, a pretrial detainee must therefore allege that the prison official acted with "deliberate indifference to [the inmate's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). The Court finds that Harper's allegation regarding his lack of post-Taser medical care and his singular reference to "deliberate indifference" do not state a claim upon which relief may be granted. Thus, to the extent Harper asserts a Fourteenth Amendment deliberate-indifference claim, the Court shall dismiss such claim without prejudice for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(ii).

For two reasons, the Court agrees with Harper that the amended complaint states a plausible Fourteenth Amendment excessive-force claim against Tirello, Oakes and Otalvaro. First, the Court rejects the defendants' contention that the amended complaint fails to identify the legal basis for a cognizable § 1983 claim against them. The defendants support this contention by pointing out that only paragraph 10 of the amended complaint contains references to both "§ 1983" and these three defendants. See Dkt. # 52 at 3-4; Dkt. # 65 at 3-4. But this Court has previously rejected a variation of this argument. In Williams v. Miller, No. 15-CV-00028-JED-FHM, 2015 WL 9307289, at *3 (N.D. Okla. 2015) (unpublished),[6] the defendant moved to dismiss a pro se plaintiff's civil rights complaint on grounds that the plaintiff "failed to identify any substantive law on which he bases his claims." The defendant specifically "question[ed] whether two references to 42 U.S.C. § 1983 [were] sufficient to put [defendant] on notice of the claims against him." Id. This Court rejected the defendant's argument, reasoning that the plaintiff (1) clearly alleged that the defendant "used excessive force," (2) filed his civil rights action on a "court-approved form" that contained "multiple references to 42 U.S.C. § 1983" including the bold caption of the form identifying the complaint as one filed in a § 1983 civil rights action. Id. This Court also pointed out that "at the pleading stage 'it is not necessary to allege the particular law . . . under which recovery is sought.'" Id. (quoting Misco Leasing, Inc. v. Keller, 490 F.2d 545, 548 (10th Cir. 1974)). Thus, this Court found plaintiff's complaint in Williams sufficient to identify the legal basis of his claim. Id.

For primarily the same reasons, the Court rejects the defendants' argument that Harper's amended complaint does not provide them with fair notice of any "cognizable legal theory." Dkt.

---

[6] The Court cites this unpublished opinion for its persuasive value. See FED. R. APP. P. 32.1; 10th CIR. R. 32.1.

# 52 at 3. In his amended complaint, Harper explicitly refers to § 1983, alleges "that when Pirtle deployed his Taser he violated" Harper's constitutional rights by using "excessive force," and alleges that Tirello, Oakes and Otalvaro are liable for Pirtle's use of excessive force because they either actively assisted his use of the Taser or failed to prevent him from using it. See Dkt. # 39 at 4, 6, 8; see also Dkt. # 55 at 3-5, 9-19. Thus, contrary to the defendants' contention, the amended complaint sufficiently identifies the legal basis of Harper's claim. See, e.g., Estate of Booker v. Gomez, 745 F.3d 405, 422 (10th Cir. 2014) (explaining that a law enforcement official who either "engage[s] in a group effort" to use excessive force or "'who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983'" (quoting Mick v. Brewer, 76 F.3d 1127, 1136 (10th Cir. 1996)); Mascorro v. Billings, 656 F.3d 1198, 1204 n.5 (10th Cir. 2011) (stating that "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable [under § 1983] for his nonfeasance." (quoting Mick, 76 F.3d at 1136)).

Second, the Court rejects the defendants' contention that the amended complaint does not contain enough facts to support a plausible § 1983 claim. See Dkt. # 52 at 4-6; Dkt. # 4-6. In his amended complaint, Harper alleges that he became upset, threw his food tray on the floor, and walked back to his cell. Dkt. # 39 at 2. A few minutes later, Tirello, Oakes, Otalvaro and Pirtle "gathered in the pod outside [Harper's] cell." Id. Harper alleges that he was "not being combative, but [was just] sitting on his bunk." Id. The defendants repeatedly ordered Harper "to get on the ground," but Harper alleges that he did not comply because, as he tried to tell the defendants, his "disabilities" limit his range of motion. Id. The defendants, however, "did not want to listen to what [Harper] had to say." Id. Instead, Oakes used a key to open Harper's cell door and Pirtle deployed

his Taser, shooting Harper with "high-voltage." Id. Oakes, Otalvaro and Tirello then "threw [Harper] to the ground placing him in restraints." Id. The "[d]efendants [then] removed [Harper] from the cell and once the defendants were out of video surveillance area they began to inflict more pain and injury to [his] shoulder." Id. at 2-3. And, while Harper alleges that only Pirtle deployed his Taser, Harper further alleges that Tirello, Oakes and Otalvaro either participated in the use of excessive force or failed to intervene to prevent the use of excessive force.

Accepting Harper's factual allegations as true, the Court finds them sufficient to state a plausible claim that all four defendants, acting under color of state law, violated Harper's Fourteenth Amendment right to be free from the use of excessive force. As this case proceeds, additional facts may come to light that support the defendants' position that their actions in this case were objectively reasonable and that they therefore did not use excessive force. But in determining whether a plaintiff can withstand a motion to dismiss for failure to state a claim, a court must "assum[e] that all the allegations in the complaint are true (even if doubtful in fact)," Bell Atl. Corp, 550 U.S. at 555, and allow the complaint to proceed "even if it appears 'that recovery is very remote and unlikely," id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Because the amended complaint identifies the legal basis for Harper's claim and contains enough facts to state a plausible Fourteenth Amendment excessive-force claim against all four defendants, the Court shall deny the Rule 12(b)(6) motions filed by Tirello and Oakes and by Otalvaro.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Tirello and Oakes' motion to dismiss (Dkt. # 52) is **denied**.

2. Harper's motion to strike (Dkt. # 53) is **denied in part as moot** as to the defense of qualified immunity, and **granted in part** as to the defense of statutory immunity.

3. Otalvaro's motion for confession of judgment (Dkt. # 69) is **denied**.

4. Otalvaro's motion to dismiss (Dkt. # 65) is **denied**.

5. To the extent Harper's amended complaint purports to assert a Fourteenth Amendment claim for denial of medical care, that claim is **dismissed without prejudice** for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

6. To the extent Harper's amended complaint purports to assert "state law claims," such claims are **dismissed without prejudice** for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**DATED** this 18th day of December, 2017.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE