## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DUANE HARPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 16-CV-0121-CVE-PJC** |
| ) | |
| **NICHOLAS TIRELLO, Officer, in his** ) | |
| **individual capacity;** ) | |
| **JAMES C. PIRTLE, Sgt., in his** ) | |
| **individual capacity;** ) | |
| **DAVID J. OAKES, D.O., in his** ) | |
| **individual capacity;** ) | |
| **OTALVARO, D.O., in his individual** ) | |
| **capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff Duane Harper, represented by

counsel, filed an amended complaint on March 20, 2017 (Dkt. # 39) suing four defendants in their

individual capacities: Officer Nicholas Tirello, Sergeant James Pirtle, Detention Officer David

Oakes, and Detention Officer Sebastian Otalvaro. Three defendants—Tirello, Oakes and

Otalvaro—moved to dismiss the amended complaint for failure to state a claim. See Dkt. ## 52, 65.

Pirtle filed an answer (Dkt. # 66). By Opinion and Order filed December 18, 2017 (Dkt. # 74), the

Court determined that the amended complaint states only one plausible § 1983 claim against all four

defendants: a Fourteenth Amendment excessive-force claim.

Before the Court is Harper's motion for partial summary judgment against Pirtle and Oakes

(Dkt. # 67). Citing FED. R. CIV. P. 56, Harper seeks summary judgment against both defendants as

to liability on his excessive-force claim and as to the defense of qualified immunity.[1]  See Dkt. # 67 at 6-13.  Pirtle and Oakes respond that summary judgment is inappropriate because the evidentiary materials cited by Harper reveal a genuine dispute as to several material facts and because Harper has not met his burdens to show that the defendants are not entitled to qualified immunity or that he is entitled to judgment as a matter of law on his excessive-force claim.  See Dkt. # 68 at 3-9.  Harper filed a reply (Dkt. # 71) to the defendants' response.  For the reasons discussed below, the Court shall deny Harper's motion for partial summary judgment.

## I.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Conversely, "summary judgment will not lie" if there exists a genuine dispute as to any material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by" either (1) "citing to particular parts of materials in the record" or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56(c)(1); see also LCvR 56.1 (providing that facts in supporting brief and response "shall be

---

[1]  Pirtle asserted qualified immunity as an affirmative defense in his answer.  See Dkt. # 66 at 3.  Oakes, however, did not assert the qualified-immunity defense in his motion to dismiss.  See Dkt. # 52; Dkt. # 61 at 1.  In their joint response  to Harper's motion for partial summary judgment, both defendants argue that Harper fails to meet his burden of establishing "that Defendants would not be entitled to qualified immunity."  Dkt. # 68 at 9.  Thus, the Court will consider Harper as moving for partial summary judgment against both defendants as to the issue of qualified-immunity.

numbered and shall refer with particularity to those portions of the record" relied upon by the movant and opposing party). At the summary-judgment stage, the court's task "is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (quoting Anderson, 477 U.S. at 249). And, in applying the summary-judgment standard, the court "view[s] the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." Hiatt v. Colo. Seminary, 858 F.3d 1307, 1315 (10th Cir. 2017) (quoting Twigg v. Hawker Beechcraft Corp., 659 F.3d 987, 997 (10th Cir. 2011)).

## II.

Harper seeks partial summary judgment against Pirtle and Oakes as to (1) liability on his excessive-force claim and (2) the qualified-immunity defense. See Dkt. # 67 at 6-13. Harper contends that the facts from his sworn, pro se complaint (Dkt. # 1)[2] and the Special Report (Dkt. ## 18, 19, 21) demonstrate that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law on his excessive-force claim. See Dkt. # 67 at 3-4, 8-13. Harper further contends that the defendants are not entitled to qualified immunity because Harper has met his burden to show (1) a constitutional violation and (2) that the relevant law is clearly established. Id. at 6-8.

---

[2]      In the summary-judgment context, the Court may treat a pro se litigant's verified complaint as an affidavit as long as the complaint satisfies the standards for affidavits outlined in Rule 56. Conaway v. Smith, 853 F.2d 789, 792 (10th Cir. 1988) (per curiam); see also FED. R. CIV. P. 56(c)(4) (providing that "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated").

In response,[3] Pirtle and Oakes argue that Harper's "undisputed facts" are either "not 'undisputed' and [are] therefore immaterial for purposes of summary judgment," disputed by facts in the Special Report, or improper legal conclusions. Id. at 3-5. Pirtle and Oakes further argue that Harper has failed to provide any "substantive material evidentiary proof which would entitle him to judgment as a matter of law," and that the Special Report directly contradicts Harper's claim that the defendants used excessive force. Id. at 5-7. Finally, the defendants argue that Harper has not met his burden to overcome the qualified-immunity defense. Id. at 8-9.

Upon consideration of Harper's motion, the evidentiary materials cited therein, the defendants' response, and Harper's reply, the Court agrees with the defendants that summary judgment is inappropriate because Harper has failed to meet his burden under Rule 56.

As stated, this Court has previously determined that Harper's only plausible § 1983 claim is that the defendants violated his Fourteenth Amendment due process rights by using excessive force—i.e., by tasing him—after he caused a disruption in the food line, walked back to his jail cell, and then refused to comply with the defendants' repeated verbal orders to get on the ground of his cell. See Dkt. # 74 at 13-14. Thus, to show that he is entitled to judgment as a matter of law either as to his excessive-force claim or as to the qualified-immunity defense, Harper must show that the

---

[3]    The defendants initially urge this Court to deny Harper's motion "in its entirety because [he] has failed to attach any documents to his motion in support of his factual statements as required by LCvR 7.1(j)." Dkt. # 68 at 2-3. It appears that the defendants are referring to LCvR 7.2(j) which provides that "[f]actual statements or documents appearing only in the brief shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court." See Dkt. # 68 at 2-3 (citing text of LCvR 7.2(j)). In any event, the Court rejects the defendants' argument that Harper's purported failure to comply with LCvR 7.2(j) supports denial of his motion. Significantly, LCvR 7.2 generally governs motion practice, while LCvR 56.1 specifically governs summary judgment procedures. Thus, in moving for partial summary judgment, Harper was required to comply with FED. R. CIV. P. 56 and LCvR 56.1, not LCvR 7.2.

defendants' use of force was objectively unreasonable. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015) (holding that pretrial detainee asserting Fourteenth Amendment excessive-force claim "must show only that the force purposely or knowingly used against him was objectively unreasonable"); Thomson v. Salt Lake Cty., 584 F.3d 1304, 1313 (10th Cir. 2009) (explaining that in Fourth Amendment excessive-force cases, which are also analyzed under "reasonableness" standard, the qualified-immunity "inquiry turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken" (quoting Pearson v. Callahan, 555 U.S. 223, 244 (2009)). And Harper must make this showing "by citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1); see also Thomson, 584 F.3d at 1312 (explaining that while courts generally accept plaintiff's version of the facts in determining whether plaintiff has made two-part showing to defeat qualified-immunity defense, "a plaintiff's version of the facts must find support in the record" at the summary-judgment stage).

In his statement of "undisputed facts," Harper generally directs this court to consider his original complaint, the Special Report, and "medical records that have been submitted as part of the Special Report" and he asserts that based on these materials he is entitled to judgment as a matter of law. See Dkt. # 67 at 3-4. However, for the most part, Harper fails to cite to any "particular parts of [these] materials" as required by Rule 56.[4] To be fair, Harper does cite Pirtle's answer and one

---

[4] The Special Report consists of over 200 pages, only a portion of which appear to be "medical records." See Dkt. ## 18, 19, 21. Harper's failure to cite particular portions of the materials he relies upon does not preclude the Court's consideration of uncited portions of those materials. Fed. R. Civ. P. 56(c)(3). But the Court has no duty to search the record for facts that support Harper's motion. See Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000) (noting that when plaintiff failed to adequately cite the record "the district court was not obligated to comb the record in order to make [the plaintiff's] arguments for him.")

portion of the Special Report to support his position that three facts are undisputed: (1) all four defendants gathered in the pod outside of Harper's cell, (2) Oakes opened the cell door, and (3) Pirtle used his Taser against Harper. The Court finds that these facts are undisputed. But while these undisputed facts demonstrate only that force was used, they do not support Harper's claim that the use of force was objectively unreasonable or that he is entitled to judgment as a matter of law.

Harper claims that the defendants' use of force was objectively unreasonable, in large part, because he could not comply with the defendants' orders to get on the ground of his jail cell due to his physical disabilities. See Dkt. # 67 at 8-9; Dkt. # 71 at 3. And Harper specifically asserts that is undisputed that he has "disabilities [that] create a substantial loss of movement and ability to function," and that the TCSO placed him in a handicapped cell "because of his disabilities." Dkt. # 67 at 3. But the defendants contend that these facts are disputed. And they cite a specific portion of the Special Report indicating that the TCSO placed Harper in a handicapped cell to better observe his mental health, because he has a history of "assaultive felonies, one on a detention officer" and because he "poses an increased threat to officers and other inmates." See Dkt. # 68 at 3-4; Dkt. # 19-1.

The Court finds that this is a genuine dispute of material fact that precludes summary judgment. A dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material when it "might affect the outcome of the suit under the governing [substantive] law." Anderson, 477 U.S. at 248.

Here, under the governing substantive law, several factors and considerations "bear on the reasonableness or unreasonableness of the force used" against a pretrial detainee. Kingsley, 135 S. Ct. at 2473. And a reasonable jury could reach different conclusions as to the objective

reasonableness of the defendants' actions depending on whether the defendants faced a noncompliant pretrial detainee so physically disabled that he could not comply and that he likely would not present an immediate threat to them (as Harper contends) or whether the defendants faced a noncompliant pretrial detainee with minor physical disabilities, severe mental health issues, and a known history of violence toward detention officers (as the defendants contend). See Kingsley, 135 S. Ct. at 2473 (discussing several factors and considerations that may bear on the reasonableness of the force used). Because a reasonable jury could thus return a verdict in the defendants' favor, Harper is not entitled to summary judgment against Pirtle and Oakes as to liability on his excessive-force claim or as to the issue of qualified immunity.

The parties' summary judgment pleadings demonstrate that the extent of Harper's disabilities is but one example of several genuinely disputed material facts. See Dkt. ## 67, 68, 71. But the Court finds that this one example suffices to support a conclusion that Harper has not shown, as required under Rule 56(a) "that there is no genuine dispute as to any material fact and that [he] is entitled to judgment as a matter of law."[5] Thus, the Court shall deny Harper's motion for partial summary judgment.

---

[5]     Harper's reply further bolsters this conclusion. In his reply, Harper (1) disputes the reason for his placement in a handicapped cell was his history of violence rather than his disabled status, Dkt. # 71 at 2; (2) mentions that his medical records exceed 800 pages in length and cryptically suggests "that the Defendants' assertions are controverted by their own admissions about the 800 pages of medical records," id.; (3) disputes the defendants' assertion that he threw his food tray in the direction of a detention officer, id.; (4) disputes that the defendants' actions were consistent with TCSO policy, id. at 2-3; and (5) effectively concedes the lack of evidentiary support for his assertion that his disabilities limit his ability to function by noting that if this case goes to trial then the jury will believe, based on their own observations, that he has limited motion and disabilities, id. at 3.

The Court further observes that a scheduling order with, inter alia, discovery and summary judgment motions deadlines has not yet been entered. Thus, none of the parties has completed discovery.

**ACCORDINGLY, IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment (Dkt. # 67) is **denied**. A scheduling order will be entered forthwith.

**DATED** this 20th day of December, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE